ALPHEUS CURRIER *vs.* WILLIAM HALE.

If two partners, upon a settlement of private and partnership accounts which exist between them, find that a balance of the private accounts is in favor of one of them, and a smaller balance of such of the partnership accounts as are considered and adjusted is in favor of the other, and a note is accordingly given for the balance so found of the private accounts after deducting the balance so found of the partnership accounts, an action may be maintained upon the note, although other unadjusted partnership accounts exist between them.

CONTRACT upon a promissory note signed by the defendant and payable to the plaintiff or order.

At the trial in the superior court, before *Lord*, J., "it appeared that the parties were partners in certain transactions in relation to the bringing of land into market, laying out and grading streets, &c., and that this partnership business continued through a series of years, and the accounts between them amounted to many thousand dollars; and that they devoted a long time, some month or more, to settling their said partnership accounts. When the partners had come to a result in reference to their partnership transactions, it appeared that there was a balance due from the plaintiff to the defendant; and the plaintiff and defendant then brought into their settlement certain private matters which did not relate to the partnership, and the private claims thus introduced by the plaintiff against the defendant were larger than the note in suit, which was given for the balance found upon such settlement due from the defendant to the plaintiff."

It was in dispute between the parties whether the settlement thus made was a full and final settlement of all partnership matters between them, and whether there were not still outstanding claims and other unadjusted matters. The plaintiff claimed that he was entitled to recover whether there was full settlement of partnership accounts or not, because in that settlement there was a balance of the private claims between the parties in his favor, larger than the amount of the note.

" The judge ruled that if the note in suit was given upon a

full and final settlement of all partnership affairs between the partners, or of all such matters except certain items for personal services which the parties agreed to omit, or if such settlement had been made at the time of the date of the indorsement upon the note, the plaintiff can maintain this action; but that if there had been only a partial settlement of partnership affairs, and the partnership transactions were not closed, and there were outstanding debts against the partnership, and the note was given upon such partial settlement, the plaintiff cannot maintain an action upon it; although there entered into the settlement a balance of private accounts in favor of the plaintiff greater than the amount for which the note in suit was given, the plaintiff cannot maintain an action at law upon said note."

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*H. Carter*, for the plaintiff, cited *Rockwell* v. *Wilder*, 4 Met. 556; *Gibson* v. *Moore*, 6 N. H. 547; *Sawyer* v. *Proctor*, 2 Verm. 580; *Clark* v. *Dibble*, 16 Wend. 601.

*W. C. Endicott*, for the defendant, cited *Rockwell* v. *Wilder*, 4 Met. 556; *Williams* v. *Henshaw*, 11 Pick. 81.

BIGELOW, C. J. The effect of the settlement which took place between the parties was, that all partnership claims were adjusted, balanced and settled up to the time when the note in suit was given, so far as they were then known and brought into account. The result of thus accounting together was to show that a balance was due from the plaintiff to the defendant on partnership account. This sum the plaintiff paid by giving' credit to the defendant on a private account, arising from transactions wholly separate and disconnected from the partnership business, leaving a balance still due on such private account from the defendant to the plaintiff. For this balance the note declared on was given. But it is still a private debt. Except so far as by agreement of parties it was set off against the balance due from the plaintiff on the joint business, its character was not changed by the settlement. It was a balance which the defendant owed to the plaintiff on their separate dealings, as distinguished from those connected with their joint

trade or business. Such being the nature of the claim, the plaintiff can well maintain an action upon it, the rule of law not being applicable to it which prevents one partner from bringing a suit against his copartner to recover an alleged balance of an unadjusted partnership business.

*Exceptions sustained.*